**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARIAMMA VARUGHESE,

        Plaintiff,

-v-

WILLIAM BEAUMONT HOSPITAL,
a Michigan Corporation,

        Defendant.

Case No. 13-
Hon.
Magistrate Judge

___

BOGAS, KONCIUS & CROSON, PC
KATHLEEN L. BOGAS (P25164)
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com

___

**COMPLAINT AND JURY DEMAND**

      NOW COMES Plaintiff MARIAMMA VARUGHESE by and through her attorneys, Bogas, Koncius & Croson, P.C., and brings her complaint as follows:

**JURISDICTIONAL ALLEGATIONS**

      1.    Plaintiff brings her claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. § et seq. ("ADEA"), the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., ("ELCRA").  This Court has jurisdiction of Plaintiff's claims pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 626(c) (jurisdiction of ADEA claims); the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII); 28 U.S.C.A. § 1331

1

(federal question jurisdiction); and 28 U.S.C. § 1343 (a) (4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims of discrimination in violation of the ELCRA.

2. Plaintiff is a resident of City of Troy, County of Oakland, State of Michigan in the Eastern District of Michigan.

3. Defendant WILLIAM BEAUMONT HOSPITAL conducts business in the City of Troy, County of Oakland, State of Michigan in the Eastern District of Michigan.

4. The events giving rise to the causes of action pled herein occurred in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

6. Defendant is an employer and Plaintiff is an employee as defined by the ADEA, Title VII, and the ELCRA.

7. The acts giving rise to this complaint took place within the Eastern District of Michigan.

8. Plaintiff began her employment with Defendant in 1987, as a Clinical Nurse.

9. Plaintiff performed her job and duties in an exemplary manner throughout her career.

10. Plaintiff was a Clinical Nurse II at the time of her termination.

11. Plaintiff is Indian.

12. Plaintiff was 59 years old at the time she was terminated.

13. On or around November 9, 2011, Plaintiff was required to and appropriately did delegate the provision of pills to a patient prior to transportation for a procedure from her care.

14. No issues were raised about this by anyone to Plaintiff at the time.

15. Plaintiff's actions were in line with the Code of Ethics for Nurses, were in line with a nurses' ability to delegate functions under the Michigan Public Health Code, and were in the best interest of the patient.

16. No harm was caused to any employee or the patient.

17. Plaintiff on or around November 17, 2011 received her yearly evaluation that was overwhelmingly positive from her Supervisor.

18. That same day, Plaintiff's Supervisor informed Plaintiff that a complaint was made and Plaintiff should stay home the next day.

19. Plaintiff followed the direction of her Supervisor and remained at home.

20. Plaintiff was called to a meeting the following Monday, on or about November 21, 2011, with her Supervisor, Human Resources, and the Clinical Care Nursing Director.

21. During this meeting, Plaintiff was told about the incident on or around November 9, 2011, where Plaintiff was required to and appropriately did delegate the provision of pills to a patient prior to transportation from her care.

22. Plaintiff could not fully recall the incident at the time of the meeting because it was not an event where there was any significant issue at the time.

23. Plaintiff was told to remain at home as Defendant investigated.

24. Later, Plaintiff was told that she would not return prior to November 28, 2011.

25. During her time off, Plaintiff thought about the incident described by her Supervisor and had recalled the details of the events of that day.

3

26. Plaintiff called and informed her Supervisor of what she had recalled and that she did what was right for the patient.

27. Plaintiff met with her Supervisor, Human Resources, and the Clinical Care Nursing Director on or about November 28, 2011 and was handed a termination letter.

28. Plaintiff was shocked as she had just received a glowing evaluation, no harm was caused to any patient, no progressive discipline was followed, and many nurses younger than her and not of Indian descent take actions wherein they leave medication with family members of patients, leave medications on food trays, and other similar, and worse, actions who receive no discipline.

29. Plaintiff is aware of no other nurse being terminated on a first reprimand where no harm befell a patient or employee.

30. Plaintiff was presented with paperwork regarding her termination and told that she had the following options: file a grievance; resign; or be fired.

31. Plaintiff was told that if she resigned she would be able to keep her benefits including Combined Time Off ("CTO") pay, retirement benefits, and health insurance.

32. Plaintiff expressed her concerns regarding her termination to Defendant.

33. Plaintiff was given two days to decide.

34. Plaintiff e-mailed and called Defendant asking for her personnel file and copies of Defendant's procedures and policies to assist her in making a very difficult decision.

35. Plaintiff after requesting her personnel file and copies of Defendant's procedures and policies was told that the option of resigning was revoked and that she would be terminated with no other options.

36. Plaintiff went through the Beaumont grievance process.

37. Plaintiff's termination was rubber-stamped through each level of the process.

38. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered economic and other damages.

39. On or about February 14, 2012, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her age, national origin, and retaliation.

40. Plaintiff's charge was within 300 days of the commission of the unlawful employment practices alleged in this claim.

41. Plaintiff received her notice of right to sue on or about January 10, 2012, and she has filed this complaint within 90 days of receiving her notice of rights.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

42. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

43. By terminating Plaintiff Defendant subjected Plaintiff to age discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the ADEA, 29 U.S.C.A. §§ 621, *et seq*.

44. Plaintiff was terminated by Defendant because of her age, to-wit:  59 years, said act being made unlawful by the ADEA, 29 U.S.C.A. §§ 621, *et seq*.

45. Defendant, by and through its agents, servants and/or employees violated the aforementioned ADEA by the following acts:

    a. Terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of age;

b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age;

c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege of employment, including a benefit plan or system;

46. Defendant's actions in violation of the ADEA were willful.

47. As a direct and proximate result of Defendant's violation of the ADEA as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

48. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

a. declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in willful violation of ADEA 29 U.S.C.A. §§ 621, *et seq.*;

b. award Plaintiff all lost wages, past and future, to which she is entitled;

c. award Plaintiff compensatory damages;

d. award Plaintiff reasonable attorney fees, costs and interest;

e. award Plaintiff all liquidated damages to which she is entitled;

f. award Plaintiff all punitive damages to which she is entitled; and

    g.    award such other relief as this Court deems just and proper.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ELCRA

49. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

50. Plaintiff was subjected to age discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

51. Plaintiff was terminated by Defendant because of her age, to-wit: 59 years, said act being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

52. Defendant, by and through its agents, servants and/or employees violated the aforementioned Elliott-Larsen Civil Rights Act by the following acts:

    a.    Terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of age;

    b.    Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of age;

    c.    Segregating, classifying or otherwise discriminating against Plaintiff on the basis of age with respect to a term, condition or privilege of employment, including a benefit plan or system;

53. As a direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

54. As a further direct and proximate result of Defendant's violation of the ELCRA, MCL 37.2101, *et seq.*, Plaintiff has been placed in financial distress and has suffered a loss of

earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

   a.   declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in willful violation of ELCRA, MCL 37.2101, *et seq.*;

   b.   award Plaintiff all lost wages, past and future, to which she is entitled;

   c.   award Plaintiff compensatory damages;

   d.   award Plaintiff reasonable attorney fees, costs and interest;

   e.   award Plaintiff all liquidated damages to which she is entitled; and

   f.   award such other relief as this Court deems just and proper.

## COUNT III – RETALIATION IN VIOLATION OF THE ADEA

55. Plaintiff incorporates by reference the foregoing paragraphs.

56. After opposing and/or complaining of age discrimination, i.e., by objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures, Plaintiff was subject to retaliation by Defendant and Defendant's agents, servants and/or employees as set forth herein.

57. Defendant retaliated against Plaintiff for having opposed and/or complained about age discrimination, i.e., by terminating Plaintiff after objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures, in violation of the ADEA.

58. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

8

59. As a direct and proximate result of Defendant's violation of the ADEA as aforestated, Plaintiff has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

60. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADEA;

    b. Award Plaintiff all lost wages, past and future, to which she is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff punitive damages;

    e. Award Plaintiff reasonable attorney's fees, costs, and interest; and

    f. Award such other relief as this Court deems just and proper.

### COUNT IV – RETALIATION IN VIOLATION OF TITLE VII

61. Plaintiff incorporates by reference the foregoing paragraphs.

62. After opposing and/or complaining of age and national origin discrimination, i.e., by objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures, Plaintiff was subject to retaliation by Defendant and Defendant's agents, servants and/or employees as set forth herein.

63. Defendant retaliated against Plaintiff for having opposed and/or complained, i.e., by terminating Plaintiff after objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures, in violation of Title VII.

64. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

65. As a direct and proximate result of Defendant's violation of Title VII as aforestated, Plaintiff has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

66. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff reasonable attorney's fees, costs, and interest; and

f. Award such other relief as this Court deems just and proper.

10

## COUNT V – RETALIATION IN VIOLATION OF ELCRA

67.    Plaintiff incorporates by reference the foregoing paragraphs.

68.    Plaintiff engaged in conduct protected under the ELCRA, i.e., by objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures.

69.    Defendant had knowledge of Plaintiff's protected activity.

70.    Defendant subsequently took adverse, retaliatory action against Plaintiff, including, but not limited to, by terminating Plaintiff after objecting to her termination and requesting copies of her personnel file and Defendant's policies and procedures.

71.    Plaintiff's protected conduct was a significant factor in Defendant's decision to retaliate against her.

72.    The retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

73.    Defendant's actions were retaliatory and in violation of the ELCRA.

74.    As a direct and proximate result of Defendant's violation of ELCRA as aforestated, Plaintiff has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

75.    As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

    a.    Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

    b.    enjoin and permanently restrain these practices;

    c.    direct Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

    d.    Award Plaintiff all lost wages, past and future, to which she is entitled;

    e.    Award Plaintiff compensatory damages;

    f.    Award Plaintiff exemplary damages;

    g.    Award Plaintiff reasonable attorney's fees, costs, and interest; and

    h.    Award such other relief as this Court deems just and proper.

## **COUNT VI – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

76. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

77. As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her national origin.

78. Plaintiff is Indian and otherwise a member of a protected class, entitled to the protections afforded by Title VII.

79. Defendant by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of national origin and acted in accordance with that predisposition.

80. While employed by Defendant Plaintiff was subjected to national origin discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

81. Defendant subjected Plaintiff to disparate treatment, harassment, and/or a hostile environment, as described herein, in whole or in part because of her national origin, to-wit: Indian.

82. Defendant, by and through its agents, servants and/or employees intentionally violated the aforementioned Title VII by the following acts:

   a. Terminating, disciplining or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of national origin;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of national origin;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of national origin with respect to a term, condition or privilege of employment, including a benefit plan or system; and/or

   d. Failing to provide a work environment free from national origin discrimination.

83. Defendant's actions in violation of Title VII were willful and intentional.

84. Defendant had no legitimate business reason for its actions, in violation of Title VII, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of national origin.

85. As a direct and proximate result of Defendant's violation of Title VII as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

86. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

    a. declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

    b. award Plaintiff all lost wages, past and future, to which he is entitled;

    c. award Plaintiff compensatory damages;

    d. award Plaintiff reasonable attorney fees, costs and interest;

    e. award Plaintiff all punitive damages to which he is entitled; and

    f. award such other relief as this Court deems just and proper.

## COUNT VII – VIOLATION OF THE ELCRA BASED ON NATIONAL ORIGIN

87. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

88. As an employer within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her national origin.

89. Plaintiff is Indian and otherwise a member of a protected class, entitled to the protections afforded by ELCRA.

90. Plaintiff's national origin was a factor that made a difference in Defendant's decision to subject him to the wrongful and discriminatory treatment, including discipline and/or other disparate treatment.

91. Defendant by its agents, representatives, and employees, was predisposed to discriminate on the basis of national origin and acted in accordance with that predisposition.

92. While employed by Defendant Plaintiff was subjected to national origin discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by the ELCRA, MCLA 37.2101, *et seq*.

93. Defendant subjected Plaintiff to disparate treatment, harassment, and/or a hostile environment, as described herein, in whole or in part because of his national origin, to-wit: Indian.

94. Defendant by and through its agents, servants and/or employees, intentionally discriminated against Plaintiff on account of her national origin in violation of the ELCRA by the following acts:

   a. Terminating or otherwise discriminating against Plaintiff with respect to her employment, compensation, or a term, condition or privilege of employment, because of national origin;

   b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of national origin;

   c. Segregating, classifying or otherwise discriminating against Plaintiff on the basis of national origin with respect to a term, condition or privilege of employment, including a benefit plan or system; and/or

   d. Failing to provide a work environment free from national origin discrimination.

95. As a direct and proximate result of Defendant's violation of the ELCRA, as aforestated, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss

15

of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

    96.    As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

    WHEREFORE, Plaintiff MARIAMMA VARUGHESE prays that this Honorable Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendant constitutes unlawful employment practices in violation of the Elliott-Larsen Civil Rights Act;

    b. Award Plaintiff all lost wages, past and future, to which she is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff reasonable attorney's fees, costs, and interest; and

    e. Award such other relief as this Court deems just and proper.

    **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants and all relief requested in this complaint.

                            **BOGAS, KONCIUS & CROSON, PC**

                  By:    /s/KATHLEEN L. BOGAS
                           KATHLEEN L. BOGAS (P25164)
                           BRIAN E. KONCIUS (P69278)
                           Attorneys for Plaintiff
                           31700 Telegraph Rd, Ste 160
                           Bingham Farms, MI 48025
                           (248) 502-5000
                           office@kbogaslaw.com

Date: March 20, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAMMA VARUGHESE,

        Plaintiff,

-v-                                     Case No. 13-
                                       Hon.
WILLIAM BEAUMONT HOSPITAL,      Magistrate Judge
a Michigan Corporation,

        Defendant.
_____

BOGAS, KONCIUS & CROSON, PC
KATHLEEN L. BOGAS (P25164)
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____

**JURY DEMAND**

NOW COMES Plaintiff, MARIAMMA VARUGHESE, by and through her attorneys, Bogas, Koncius & Croson, PC, and hereby demands a trial by jury of the issues in the above-captioned cause of action.

**BOGAS, KONCIUS & CROSON, PC**

By:    /s/KATHLEEN L. BOGAS
        KATHLEEN L. BOGAS (P25164)
        BRIAN E. KONCIUS (P69278)
        Attorneys for Plaintiff
        31700 Telegraph Rd, Ste 160
        Bingham Farms, MI  48025
        (248) 502-5000
Date:   March 20, 2013        office@kbogaslaw.com